IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2009 OCT -7 PM 4: 32

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

ALFREDO Z. DELGADO,
                Plaintiff,

-vs-                                                    Case No.  A-09-CA-571-SS

SUSAN COMBS, TEXAS COMPTROLLER OF
PUBLIC ACCOUNTS, et. al.,
                Defendants.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Susan Combs, Janet Bray, Bryant Lomax, Ann O'Connell, and Jo Samuel ("Defendants")'s Motion to Dismiss [#12] and Plaintiff Alfredo Z. Delgado ("Delgado")'s Response thereto [#13].  After reviewing the motion, the response, the relevant law, and the case file as a whole, the Court enters the following opinion and orders.

### Background

Delgado filed this suit pro se, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), Title I of the Age Discrimination in Employment Act, 29 U.S.C. §623(a) ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. § 12112(a) ("ADA"),  and the Vietnam Era Veterans Readjustment Assistance Act, 38 U.S.C. § 4212 ("VEVRAA"). Pl.'s Compl. at 1. Delgado alleges discrimination based on race, sex, national origin, age, disability, and his status as a Vietnam veteran.  He also asserts a retaliation claim resulting in his termination from employment with the Texas State Comptroller's Office. *Id.* at 3.  He requests monetary relief in the

form of back pay and money lost due to his denial of unemployment pay. *Id.* Attach. J. He also requests injunctive relief of re-employment, mandatory re-training of Comptroller's Office staff, and, with the exception of Susan Combs, termination of Defendants from their employment with the Comptroller's Office. *Id.* at 5, Attach. J.

Delgado is a Vietnam veteran, born in 1946, who suffers from Post-Traumatic Stress Disorder ("PTSD") due to his time served in the Vietnam War and from prostate problems. *Id.* at 3. He alleges his supervisors at the Comptroller's Office were unsympathetic to the challenges he faced as a veteran with PTSD in a work environment and uneasy about working with him. *Id.* Attach. A(2). Due to this, Delgado claims he was subject to "unnecessary surveillance" by his supervisor. *Id.* On June 27, 2008, Delgado claims there was a confrontation between Jo Samuel, Phillip Knisley (not a party to this lawsuit), and himself in which Samuel shouted at him telling him he spoke too loudly on the phone, Knisley threatened him verbally and physically, and Samuel failed to discipline Knisley for his threats. *Id.* Delgado also claims he was given poor evaluations, docked vacation time, and placed on probation due to discrimination based on his age, race, and national origin. *Id.* Finally, he claims he met with the Comptroller's Veterans Organization on August 8, 2008, and made statements that the staff, supervisors, and managers were not adequately trained in how to deal with veterans with PTSD. *Id.* Delgado's supervisors indicated he was terminated on October 30, 2008 for "excessive use of the Internet and poor work performance." *Id.* While his exact retaliation claim is unclear, Delgado appears to indicate he believes he was fired in retaliation for his comments at the Comptroller Veterans Organization meeting. *Id.*

Delgado has filed his Charge of Discrimination both with the Texas Workforce Commission Civil Rights Division and the United States Equal Employment Opportunity Commission ("EEOC"),

both of which were denied. *Id.* Attach M. He then filed this lawsuit on August 18, 2009. *Id.* at 1.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6) on the basis of

Eleventh Amendment immunity, lack of a private cause of action under VEVRAA, failure to exhaust

administrative remedies, and improper named defendant for a Title VII claim. Def.'s Mot. at 1-2.

Defendants allege the Court lacks subject matter jurisdiction and that Delgado fails to state a claim

for which relief can be granted. *Id.*

### Analysis

### I.    Legal Standard for 12(b)(1) and 12(b)(6) Motion to Dismiss

A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper.

Federal district courts are courts of limited jurisdiction, and they may only exercise such jurisdiction

as is expressly conferred by federal statute. *See Le Mieux Bros. v. Tremont Lumber Co.*, 140 F.2d

387, 389 (5th Cir. 1944). Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through

which subject matter jurisdiction may be challenged. The burden of establishing subject matter

jurisdiction rests with the party seeking to invoke it. *See Stockman v. Fed. Election Comm'n*, 138

F.3d 144, 151 (5th Cir. 1998).

In evaluating a challenge to subject matter jurisdiction the Court is free to weigh the evidence

and resolve factual disputes so that it may be satisfied that jurisdiction is proper. *See Montez v. Dep't

of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may consider: (1)

the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* The Court must

take the allegations of the complaint as true and draw all inferences in Plaintiff's favor. *Saraw

Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d

116, 117 (5th Cir. 1985). Dismissal is warranted if Plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding whether to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court must take the factual allegations as true, resolving any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, the plaintiff "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

Even under the liberal pleading standard set forth by Rule 12(b)(6), the Court may not assume the plaintiff can prove facts he has not alleged. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 443 (5th Cir. 1986). Moreover, dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

## II.      Eleventh Amendment Immunity

The Eleventh Amendment of the United States Constitution has been interpreted to preclude suit against a state government by citizens of that state unless the state has waived its immunity or Congress has abrogated the state's immunity. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Aguilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). This protection extends to state agencies and departments and applies regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945). State officials may be sued in their official capacity for injunctive or declaratory relief, but not monetary. *Ex parte Young*, 209 U.S. 123, 159-160 (1908).

**A.      Discrimination under Title I of the ADA**

**1.      Monetary Relief Sought**

Delgado asserts he is suing the individual state employees in their individual capacities for monetary damages, or in the alternative, argues the employees are acting unconstitutionally and thus not entitled to immunity in their official capacities. Pl. Resp. at 3. Either choice is unavailing. Title I of the ADA can only be violated by an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2) (defining "covered entities"). Thus, the employees cannot be sued in their individual capacities for violations of the ADA. Further, since individual employees cannot violate the ADA, they cannot be stripped of their immunity in their official capacities.

A suit against a state official or employee, in his official capacity, is deemed a suit against the state and the official may invoke Eleventh Amendment immunity. *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989).  Congress may, however, abrogate a state's Eleventh Amendment immunity "when it both unequivocally intends to do so and 'acts pursuant to a valid grant of constitutional authority.'"  *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (quoting *Kimel*, 528 U.S. at 73).  However, Congress did not abrogate Eleventh Amendment immunity with respect to lawsuits for money damages based on disability under Title I of the ADA. *Garrett*, 531 U.S. at 369; *see also Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002).  Thus, the Comptroller's Office and its employees, acting in their official capacity, have Eleventh Amendment immunity from suit and Delgado's discrimination claim for monetary damages under Title I of the ADA is barred.

### 2.    Injunctive Relief Sought

The Eleventh Amendment does not preclude suits against state officers for injunctive relief. *Young*, 209 U.S. at 159-160.  Thus, if a state government is acting in violation of federal law, a suit may be brought against state officers to enjoin the behavior.  *Id.*  However, the ability to sue for injunctive relief under *Young* is limited.  Such a suit is only available where "a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261 (1997).

Delgado alleges a past violation of federal law, not an ongoing one.  Pl. Compl. at 3-4. Further, the injunctive relief requested is to compensate past injuries.  *Id.* at 5; Attach J.  Delgado's requests for injunctive relief in the form of re-employment, re-training, and termination of Defendants' employment are therefore not viable suit under *Coeur D'Alene Tribe*, and his ADA claims for injunctive relief are barred.

### B.      Discrimination under the ADEA

Delgado's claims of age discrimination under the ADEA are likewise barred by the Eleventh Amendment. Congress has not abrogated the states' Eleventh Amendment immunity to suits by private individuals under the ADEA. *Kimel*, 528 U.S. at 91. Texas also has not waived its Eleventh Amendment immunity from ADEA claims. *Sullivan v. Univ. of Tex. Health Sci. Ctr.*, No. 05-21050, 2007 WL 519744, at *3 (5th Cir. Feb. 13, 2007). Thus any claims for monetary relief against state officials for age discrimination under the ADEA are barred by the Eleventh Amendment. Delgado's injunctive relief claims fail for the same reason discussed above, they are not viable under the *Coeur D'Alene Tribe* limitation on suits for injunctive relief.

### III.     Discrimination under VEVRAA

Having considered the claims dismissed under Rule 12(b)(1) for lack of jurisdiction, the Court now addresses the remaining claims under the Rule 12(b)(6) standard. Delgado claims discrimination based on his status as a Vietnam veteran in violation of VEVRAA. Delgado asks the Court to allow a private right of action under VEVRAA because"the important and delicate nature" of veterans issues relating to employment warrant a judicial remedy. While the Court recognizes the importance of dealing fairly with veterans, the Court declines to find such a private right of action.

It is undisputed by Delgado that there is no expressly created private cause of action in VEVRAA, but he urges the Court to find an implied one. VEVRAA expressly provides an administrative enforcement scheme. 38 U.S.C. § 4212 (b)-(d) (indicating procedure for filing individual complaints with the Secretary of Labor and the reporting requirements for the Secretary of Labor). When Congress provides an express provision for an administrative remedy, it suggests Congress intended to exclude other remedies. *See Alexander v. Sandoval*, 532 U.S. 275, 290 (2001).

Thus, VEVRAA's construction does not support finding an implied private right of action. *See*

*Harris v. Adams*, 873 F.2d 929, 932 (6th Cir. 1989); *Matula v. Lower Colo. River Auth.*, No. 04-

41343, 2005 WL 1404354 at *1 (5th Cir. June 15, 2005) (discussing VEVRAA's administrative

scheme and how it precludes a private cause of action).

Considering these standards, and despite recognizing Delgado's legitimate concern for

upholding the rights of veterans, the Court declines to find an implied private right of action in

VEVRAA. Congress laid out the method for upholding the rights of veterans under VEVRAA by

filing a complaint with the Secretary of Labor. The Court declines to disturb this method of

remedying such violations.

## IV.     Discrimination under Title VII

### A.     Naming the Proper Title VII "Employer"

In order to bring a claim for discrimination under Title VII, the plaintiff must have an

employment relationship with the defendant. *See Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340

n.8 (5th Cir. 2003) ("Title VII is available only against an employer."). There is no basis for suits

against individual supervisors or fellow employees unless they meet the definition of "employer"

under the statute. *See* 42 U.S.C. § 2000e(b) (defining an "employer"); *Grant v. Lone Star Co.*, 21

F.3d 649, 651-53 (5th Cir. 1994) (holding an individual not liable under Title VII because he fails

to meet the definition of "employer").

In this suit, Delgado names five employees of the Comptroller's Office as Defendants and

alleges violations of Title VII. To the extent that each named Defendant is sued in their individual

capacity, such claims are dismissed. Furthermore, Janet Bray, Bryant Lomax, Ann O'Connell, and

Jo Samuel do not meet the definition of "employer" under Title VII. As such the Title VII claims against them are dismissed.

The Court construes Delgado's complaint regarding Susan Combs, however, as one against her in her official capacity as Texas Comptroller. As such, the Title VII claims for discrimination based on race, sex, and disability against her in that capacity are not dismissed.

### B.    Claims not Raised in EEOC Discrimination Charge

In order to bring a civil lawsuit under Title VII, an employee must first exhaust his administrative remedies. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). The charge an employee files enables the EEOC to investigate the complaint. *Id.* Only after the EEOC investigation and any administrative efforts to negotiate a resolution with the employer may the employee bring a civil lawsuit in federal court. *Id.*

The Court does not have jurisdiction to consider claims brought under Title VII when the aggrieved party has not first exhausted his administrative remedies by filing a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (5th Cir. 1994). Failure to exhaust remedies deprives this Court of jurisdiction over his claims. *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997). In addition, "[t]he suit filed may encompass only 'the discrimination stated in the charge itself or developed in the course of a reasonable [EEOC] investigation of that charge." *Nat'l Ass'n of Gov't Employees*, 40 F.3d at 712 (quoting *King v. Seaboard Coastline R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)).

In this case, Delgado did file a charge with the EEOC. Pl. Compl., Attach. M. The charge contains a section allowing Delgado to check boxes indicating the basis on which he alleges discrimination. *Id.* He checked off the boxes indicating his allegation of discrimination based on

"race", "sex", "age", "disability", and "other" with a notation that a violation of the Texas Commission on Human Rights Act ("TCHRA") was the "other." *Id.* Notably, the boxes for both "national origin" and "retaliation" are unchecked. *Id.*

The Fifth Circuit has indicated courts should construe EEOC complaints broadly, but only construe claims "reasonably expected to grow out of" the administrative charge. *McClain*, 519 F.3d at 273. The Court examines Delgado's charge liberally, not focusing exclusively on which boxes he has checked or left unchecked, but also on what claims could reasonably be expected to grow out of the facts he alleged in his EEOC charge.

Delgado was given the opportunity both to check the box for either national origin discrimination, or retaliation and he chose neither. In addition, his EEOC charge contains no facts alleging a claim for either national origin discrimination or retaliation. Thus, the two added claims of discrimination based on national origin and retaliation are both dismissed for failure to exhaust administrative remedies. The claim of age discrimination under the ADEA, as discussed above, is likewise dismissed. There is no separate claim for age discrimination under Title VII. 42 U.S.C. § 2000e-2(a) (Title VII only outlaws discrimination "because of such individual's race, color, religion, sex, or national origin" and does not outlaw discrimination on the basis of age.).

Delgado has, however, properly exhausted his administrative remedies with regard to the Title VII complaints of discrimination based on race, sex, and disability. *See* Pl. Compl. Attach. M. To the extent that his suit for these is pursued against Susan Combs in her official capacity as Texas Comptroller as discussed above, they avoid dismissal. Thus, in accordance with the foregoing:

IT IS ORDERED that Defendants' Motion to Dismiss [#12] is GRANTED IN PART and DENIED IN PART.

SIGNED this the 7ᵗʰ day of October 2009.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE